UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TI'KORIE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-407-TAV-DCP |
| | ) | |
| MICHAEL PENN, and | ) | |
| RAYNER COVERING SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Response to Court Order (Doc. 17) Motion to Extend Time, Motion for Limited Discovery and Application for a Warning Order ("Motion") [Doc. 18].[1] For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion [**Doc. 18**].

**I.  BACKGROUND**

On August 19, 2025, Plaintiff filed a Complaint [Doc. 1]. According to the Complaint, Plaintiff and Defendant Penn, who are coworkers, were traveling to Rockford, Illinois [Doc. 1 ¶ 4]. Plaintiff was the passenger, and Defendant Penn was the driver [*Id.* ¶ 5]. Plaintiff alleges that Defendant Penn lost control of the vehicle and wrecked, but "[t]he police were never summoned to the scene of the accident" [*Id.* ¶¶ 6, 9].

---

[1] Plaintiff did not utilize the motion event when he filed his Motion in CM/ECF. Moving forward, the Court **DIRECTS** him to do so.

On September 1, 2025, Plaintiff filed the summons but left Defendant Penn's address blank [Doc. 6-1]. The following day, the Clerk's office issued a notice, stating that Defendant Penn's address is blank and directed Plaintiff to address this deficiency by September 8, 2025 [Doc. 8]. On September 2, 2025, Plaintiff a motion to extend time for service and for limited discovery [Doc. 10]. While the Court granted Plaintiff an extension until October 3, 2025, to comply with the Clerk's deficiency, the Court denied his request to serve Defendant Penn's employer with discovery seeking his address because he did "not explain any other efforts to locate Defendant [Penn] prior to seeking early discovery" [Doc. 11 p. 2 (citations omitted)].

On September 4, 2025, Plaintiff filed an Amended Complaint, adding Defendant Penn's employer, Rayner Covering Systems, Inc. ("Rayner"), as a Defendant [Doc. 12]. Given that, Plaintiff issued another summons for Defendant Penn, but like before, the Clerk's office entered a notice of deficiency because it did not include his address [Doc. 15]. The Clerk's office directed Plaintiff to cure the deficiency on or before September 15, 2025 [*Id.*].

On September 15, 2025, Plaintiff filed the motion to permit limited discovery and response to docket entry 15, administrative notice [Doc. 16]. He stated that he does not know Defendant Penn's address, but his employer is known [*Id.* at 1]. Plaintiff asserted that if he "is unable to locate the driver's current address, [he] will serve the Tennessee Secretary of State, as permitted by state law" [*Id.*]. He contended that he "undertook efforts to find contact information for the person but could not do so" [*Id.*]. He sought relief from the Clerk's notice [Doc. 15] and requested that the Court allow him to issue a "subpoena to [Defendant Penn's] employer to find his address, phone number, email, and emergency contacts so that he can obtain service" [Doc. 16 p. 1].

On September 17, 2025, the Court entered an Order granting Plaintiff an extension, until October 3, 2025, to comply with the Clerk's notice, but it denied Plaintiff's request for early discovery because he failed to explain any efforts to locate Defendant Penn [Doc. 17].

On October 3, 2025, Plaintiff filed the instant Motion [Doc. 18]. He seeks (1) "an additional 60 days (or such period as the Court deems appropriate)" for service of process;" (2) "[a]uthorize limited, expedited discovery under Rule 26(d)(1);" (3) "[a]uthorize alternative service pursuant to Rule 4(e)(1) and Tennessee law—including service by publication/constructive service under Tenn. R. Civ. P. 4.08 and applicable statutes—upon a showing that diligent inquiry continues to be unsuccessful after the limited discovery[,]" and (4) "all other just and proper relief" [*Id*. at 2].

## II.    ANALYSIS

The Court finds Plaintiff has established good cause for expedited discovery and for an extension to serve Defendant Penn. But the Court declines to authorize alternative service at this time.

### A.    Early Discovery

Starting with Plaintiff's request for expedited discovery, he seeks to "serve a narrowly tailored subpoena on [Defendant] Rayner . . . to obtain Defendant Penn's last-known residential and mailing addresses, personal and work emails, telephone number, and emergency-contact information" [Doc. 18 p. 2]. As the Court has previously explained [Doc. 11 p. 2; Doc. 17 pp. 2–3], Rule 26(d) of the Federal Rules of Civil Procedure governs the timing of discovery and provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether early discovery is warranted, courts "typically ask whether there

3

is good cause to justify such early discovery." *Valhalla Inv. Props., LLC v. 502, LLC*, No. 3:19-CV-00318, 2020 WL 1514532, at *5 (M.D. Tenn. Mar. 30, 2020). Courts generally consider several factors, including "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Arab Am. C.R. League v. Trump*, No. 17-10310, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017) (citations omitted). Whether early discovery is warranted is within the Court's discretion. *Valhalla Inv. Props.*, 2020 WL 1514532, at *5. "The moving party bears the burden." *Axle Logistics, LLC v. Pascente*, No. 3:25-CV-1, 2025 WL 366635, at *3 (E.D. Tenn. Jan. 31, 2025) (citation omitted).

Plaintiff explains his efforts in locating Defendant Penn as follows:

> Plaintiff asked around amongst other former coworkers to see if they knew where Penn lives or had contact information. Someone gave him a phone number. Counsel has attempted to call that number but got no answer. Online person tracking services have been used to locate him and see if that is his number or if it is connected with a person named Michael Penn, an email, or an address. That did not lead to anything except a deceased woman whose obituary does not list Penn as a family member. Counsel found a Michael Penn on Facebook who may be from Rockford and messaged to see if they were the defendant, but there has been no response. Michael Penn is a relatively common name and Rockford has nearly 150,000 people. Thus, Plaintiff's counsel believes he has exhausted all of the avenues reasonably available to him.

[Doc. 18 p. 1].

In light of these efforts, and the narrowly tailored discovery, the Court finds good cause to grant Plaintiff's request to serve Defendant Rayner with discovery "to obtain Defendant Penn's last-known residential and mailing addresses, personal and work emails, telephone numbers, and emergency-contact information for the sole purpose of effecting service" [Doc. 18 p. 2].[2]

---

[2] Plaintiff also requests that the Court "direct the Clerk to issue a Warning Order" [Doc. 18 p. 2]. This request is unclear, and therefore, the Court declines to grant it.

B.     **Extension to Serve**

In light of Plaintiff's inability to locate Defendant Penn, he now seeks an extension to obtain service of process. Plaintiff's request is governed under Rule 4(m), which provides:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

The Court finds that Plaintiff has established good cause for the requested extension. Plaintiff has outlined his attempts to locate Defendant Penn [Doc. 18 p. 1] and has kept the Court apprised of his difficulty in doing so [*See* Docs. 10, 16, 18 & 19]. *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that the plaintiff established good cause for an additional ninety days to serve the defendant because the plaintiff had been diligent in attempting to locate and serve the defendant). Given that Plaintiff has established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff seeks "an additional 60 days (or such period as the Court deems appropriate)" [Doc. 18 p. 2]. Under the circumstances, the Court **ORDERS** Plaintiff to serve Defendant Penn on or before **December 5, 2025**. To the extent Plaintiff needs additional time to serve Defendant Penn, he may file a motion requesting an extension prior to this deadline.

### C. Alternative Service

Finally, Plaintiff requests the Court to "[a]uthorize alternative service pursuant to Rule 4(e)(1) and Tennessee law—including service by publication/constructive service under Tenn. R. Civ. P. 4.08 and applicable statutes—upon a showing that diligent inquiry continues to be unsuccessful after the limited discovery" [Doc. 18 p. 2]. This request is premature, and therefore, the Court **DENIES** it.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Response to Court Order (Doc. 17) Motion to Extend Time, Motion for Limited Discovery and Application for a Warning Order [**Doc. 18**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge